IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Judy Jones, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 12 C 10391 |
| P.N. Financial Inc., an Illinois corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Judy Jones, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Judy Jones ("Jones"), is a citizen of the State of Missouri, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed for a Metris credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, P.N. Financial Inc. ("PNF"), is an Illinois corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its offices in Lincolnwood, Illinois, Defendant PNF operates a nationwide debt collection business and attempts to collect debts from thousands of consumers, including many consumers in the State of Illinois. In fact, Defendant PNF was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant PNF is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, PNF conducts substantial business in Illinois.

6. Defendant PNF is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, PNF acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

7. Ms. Jones' husband became disabled, which has diminished her assets and income and caused her to fall behind on paying her bills, including one she allegedly owed for a Metris credit card account. When PNF began trying to collect the Metris debt from Ms. Jones, by sending her an initial form collection letter, dated October 12, 2012, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant PNF's collection actions.

8. Although this letter stated that it was Ms. Jones' "**FINAL NOTICE**", "Because you have refused to address this debt despite being given every opportunity to do so", and "You have been repeatedly advised of your long overdue balance", it was actually the first letter Ms. Jones had ever received from PNF. This letter failed to advise Ms. Jones of her right to dispute the debt under § 1692g of the FDCPA. A copy of Defendant PNF's collection letter is attached as Exhibit C.

9. Accordingly, on November 7, 2012, one of Ms. Jones' attorneys at LASPD informed PNF, in writing, that Ms. Jones was represented by counsel, and directed PNF to cease contacting her, and to cease all further collection activities because Ms. Jones was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit D.

10. Nonetheless, Defendant PNF called Ms. Jones directly including, but not limited to, a telephone call on November 26, 2012, from telephone number 847-425-5021, attempting to collect the Metris debt.

11. Accordingly, on November 26, 2012, one of Ms. Jones' LASPD attorneys had to write to Defendant PNF again to demand that it cease communications and cease collection of the Metris debt. Copies of this letter and fax confirmation are attached as Exhibit E.

12. Defendant PNF's collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendant PNF's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

16. Here, the letter from Ms. Jones' agent/attorney, LASPD, told Defendant PNF to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment, Defendant PNF violated § 1692c(c) of the FDCPA.

17. Defendant PNF's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

20. Defendant PNF knew that Ms. Jones was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in

writing (Exhibit D), that she was represented by counsel, and had directed Defendant PNF to cease directly communicating with her. By directly calling Ms. Jones, despite being advised that she was represented by counsel, Defendant PNF violated § 1692c(a)(2) of the FDCPA.

21. Defendant PNF's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT III
### Violation Of § 1692g –
### Failing To Provide The 30-Day Validation Notice

22. Plaintiff adopts and realleges ¶¶ 1-13.

23. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, the Defendant provide the consumer with an effective validation notice, i.e., notice that the consumer has 30 days after receipt of the notice to challenge the validity of the debt, or any portion of the debt, and seek verification of it. Moreover, § 1692g(b) further prohibits any collection activity and/or communication during the 30-day period which overshadows, or is inconsistent with, the disclosure of the consumer's right to dispute the debt, see, 15 U.S.C. § 1692(b).

24. Defendant PNF's October 12, 2012 letter was its first communication to Ms. Jones and it failed to provide Ms. Jones with the 30-day validation notice. In fact, Defendant's letter stated that it was the "**FINAL NOTICE**" to Plaintiff, demanded payment before the 30-day period and threatened various negative consequences for not paying. Thus, Defendant PNF's form collection letter violated § 1692g of the FDCPA by failing to effectively provide the statutorily-required notice.

25.     Defendant PNF's violation of § 1692g of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT IV
## Violations Of § 1692e Of The FDCPA --
## Numerous False Collection Actions

26.     Plaintiff adopts and realleges ¶¶ 1-13.

27.     Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).  Moreover, debt collectors are barred from threatening any action that the collector cannot legally take, see, 15 U.S.C. § 1692e(5).

28.     Defendant PNF's violations of §1692e include, but are not limited to, falsely stating that:

    a)      Plaintiff has ". . . refused to address this debt despite being given every opportunity";

    b)      Plaintiff had been ". . . repeatedly advised of [her] long overdue balance"; and,

    c)      Defendant had a right to impose "penalties" if the debt was not immediately resolved.

30.     Defendant's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

6

## PRAYER FOR RELIEF

Plaintiff, Judy Jones, prays that this Court:

1. Find that Defendant PNF's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Jones, and against Defendant PNF, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Judy Jones, demands trial by jury.

                              Judy Jones,

                              By: /s/ David J. Philipps
                              One of Plaintiff's Attorneys

Dated: December 28, 2012

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com